IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. JAMES HEWITT and KELLI HEWITT

**Circuit Court for Giles County**
**Nos. 101897, 101898, 101900, 101901**

—————————————————————

**No. M2026-00291-CCA-R8-CO**

—————————————————————

## ORDER

This matter is before the Court upon motion of the Defendants, James and Kelli Hewitt, for review of the conditions of their pretrial release. *See* Tenn. R. App. P. 8; Tenn. Code. Ann. § 40-11-144. The State opposes. For the reasons discussed below, the Defendants' motion is denied.

### Rule of Appellate Procedure 8

Rule 8 provides the procedural framework for obtaining appellate review of a trial court's actions regarding a defendant's pretrial release. Tenn. Code Ann. § 40-11-144(a). In order for this Court to conduct its review, and because generally there is no record on appeal when a defendant seeks review of a trial court's actions in this type of situation, it is a defendant's responsibility to provide this Court with an *ad hoc* record of the proceeding below. As such, "[t]he motion for review shall be accompanied by a copy of the motion filed in the trial court, any answer in opposition thereto, and the trial court's written statement of reasons, and shall state: (1) the court that entered the order, (2) the date of the order, (3) the crime or crimes charged or of which defendant was convicted, (4) the amount of bail or other conditions of release, (5) the arguments supporting the motion, and (6) the relief sought." The instant motion is sufficient for this Court's review.

### Background

According to the information provided by the Defendants, they were arrested for offenses alleged to have occurred on or about July 2, 2025. The Defendants did not attach to the instant motion copies of the warrants, but according to discussions during the preliminary hearing held on July 15, 2025, the transcript of which they attached to their

motion, they face potential charges on one count of involuntary labor servitude (Tenn. Code Ann. § 39-13-307), one count of trafficking for forced labor or services (Tenn. Code Ann. § 39-13-308), one count of aggravated cruelty to animals and three counts of cruelty to animals (Tenn. Code Ann. § 39-14-202). The general sessions court found probable cause to bind over the case to the grand jury. It does not appear any indictments have been issued yet, however.

According to statements in the instant motion, after James Hewitt retired from twenty-nine years of employment in law enforcement, he served as a missionary in Haiti. At the time of their arrest, the Defendants operated a dog breeding business in Pulaski. They have ten biological children and seventeen adopted children. It appears five of their biological children were minors at the time of the alleged offenses. The Defendants' arrests stem from allegations about their dog breeding business and their conduct toward apparently only one of their adopted children.

During the preliminary hearing, the general sessions court also addressed the conditions of the Defendants' pretrial release. On July 16, 2025, the general sessions court filed written orders for each Defendant memorializing its ruling. The court imposed a $350,000 cumulative bond for both Defendants, and also imposed conditions upon their release from custody, including that they shall not leave the State of Tennessee, shall be on house arrest with GPS monitoring, shall surrender all passports and firearms, shall not possess or be in possession of any animal and "shall have no contact, including direct, indirect, and/or third part[y] contact with any of the State witnesses," which included all twenty-seven of their children.

On September 9, 2025, the Defendants filed a "Motion to Amend Bond Conditions" in the circuit court. Therein, they moved the circuit court "to amend the conditions of release to remove the 'no contact' prohibition with their five minor [biological] children as it violates their constitutional rights and is not narrowly tailored." In the alternative, they requested the circuit court to "adopt narrowly tailored safeguards that balance the State's interests with the Defendants' constitutional rights[,]" "such as at home check-ins, prohibitions on case discussions with the children, or required counseling sessions, rather than a complete bar on contact." The Defendants asserted that the five minor biological children are not the alleged victims in this case. They also argued the State "has provided no evidence that these minor children were harmed, neglected, or coerced. Nor has the State demonstrated that contact would jeopardize the proceedings or endanger the children. The State's only justification is the speculative assertion that the children 'may' be witnesses -- without any particularized showing of what they might be witness to or why parent-child contact would compromise their potential testimony." The State filed a response in opposition on September 17, 2025, and "ask[ed] the Court to deny the defense motion." It is unclear whether the circuit court held a hearing on the Defendants' motion,

2

but on October 28, 2025, it filed an agreed order amending the bond conditions "to allow supervised and therapeutic visitation with the minor children, provided the juvenile court finds that it is in the best interest of the children on an individual basis."

## Pretrial Release

Article I, section 15 of the Tennessee Constitution guarantees a defendant the right to bail in all except capital cases. *See State v. Burgins*, 464 S.W.3d 298, 306 (Tenn. 2015); *see also* Tenn. Code Ann. § 40-11-102 ("Before trial, all defendants shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great."). To that end, a general sessions or trial court has the authority to release a defendant prior to trial on his or her own personal recognizance, upon an unsecured bond or "[w]ith conditions of release, pursuant to this section and § 40-11-116, which may include the deposit of bail." Tenn. Code Ann. § 40-11-115(a)(1).

If the court determines conditions are necessary, then it "must impose the least onerous conditions reasonably likely to ensure the safety of the community and the defendant's appearance in court." Tenn. Code Ann. § 40-11-116(a). Those conditions may include "reasonable restrictions on the activities, movements, associations and residences of the defendant" and "any other reasonable restriction designed to ensure the safety of the community and the defendant's appearance, including, but not limited to, the deposit of bail pursuant to § 40-11-117." § 40-11-116(b)(2) and (3).

If a secured bond is ordered, bail "shall be set as low as the court determines is necessary to reasonably assure the appearance of the defendant as required." Tenn. Code Ann. § 40-11-118(a). Subsection (b) of 118 outlines the factors the court shall consider "in determining the amount of bond necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public." § 40-11-118(b).

"The trial court has very wide latitude in setting bail" and this Court should be "most reluctant to second-guess" the trial court's decision. *State v. Melson*, 638 S.W.2d 342, 358 (Tenn. 1982). Indeed, this Court reviews the actions of a trial court regarding the conditions of a defendant's release under an abuse of discretion standard. *See*, *e.g.*, Tenn. Code Ann. § 40-26-103. Our supreme court has stated that the abuse of discretion standard of review is a "less rigorous review" of a trial court's decision and does not permit this Court to substitute its judgment for that of the trial court. *State v. McCaleb*, 582 S.W.3d 179, 185 (Tenn. 2019) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

3

## Discussion

The motion before this Court is titled "Motion for Review of Bond Conditions." The Defendants are asking this Court "to remove from their bond conditions the 'no contact' prohibition with their twenty-seven children, including the four minor children who lived with them on the day of their arrest, as it violates their constitutional rights and is not narrowly tailored." In the alternative, they request this Court to "implement narrowly tailored safeguards such as at home check-ins (where applicable), prohibitions on case discussions with the children, or required counseling sessions, rather than a complete bar on contact." According to the Defendants, "the juvenile court has not yet considered whether visitation is in the best interest of the minor children," as directed in the circuit court's order.

In response, the State argues this Court cannot directly review the orders of the general sessions court. It also argues the Defendants did not challenge in the circuit court the "no contact" provision of the general sessions court orders as related to their adult children and, further, that they already obtained the relief they sought regarding the minor children through the entry of the agreed order in circuit court. Furthermore, the State suggests the Defendants are merely attempting to "circumvent" the juvenile court proceedings through the instant Rule 8 motion.

The Defendants filed a reply to the State's response. Contrary to the Defendants' assertion, Rule 8 does not explicitly provide for the filing of a reply to a response, however. Tenn. R. App. P.; *cf.* Tenn. R. App. P. 29(a) (permitting filing of reply briefs). Nevertheless, in their reply, the Defendants dispute the State's contention that they are attempting to "circumvent" the juvenile court proceedings. Instead, they assert this Court has exclusive jurisdiction over bond conditions.

Again, Rule 8 provides the procedural framework for obtaining appellate review of a trial court's actions regarding a defendant's release. Tenn. Code Ann. § 40-11-114(a). Section 114 states in its entirety:

> (a) The actions *by a trial court from which an appeal lies to the supreme court or court of criminal appeals* in granting, denying, setting or altering conditions of the defendant's release shall be reviewable in the manner provided in the Tennessee Rules of Appellate Procedure.

> (b) If the action to be reviewed is that of a court from which an appeal lies to *a court inferior to the supreme court or court of criminal appeals*, review shall be sought in the next higher court upon writ of certiorari.

4

*Id.* (emphasis added). Similarly, Rule 8 provides that, "[b]efore or after conviction the prosecution or defendant may obtain review of an order entered *by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals* granting, denying, setting or altering conditions of defendant's release." Tenn. R. App. P. 8(a) (emphasis added). Rule 8 also mandates that, "[b]efore conviction, as a prerequisite to review, a written motion for the relief sought on review shall first be presented to the trial court." *Id.* Moreover, and pursuant to statute, this Court's jurisdiction is appellate only, and it may only review final orders or judgments of a trial court, i.e., a circuit or criminal court, from which an appeal properly lies to this Court. Tenn. Code Ann. § 16-5-108; *cf.* Tenn. Code Ann. § 27-5-108 (discussing appeals from general sessions court to circuit or criminal court).

Given this authority, it is clear this Court only has authority to review the actions of a circuit or criminal court regarding the conditions of a defendant's pretrial release. Thus, and contrary to the Defendants' suggestion that "[t]he State attempts to prevail on numerous technicalities that do not exist," this Court is bound by its jurisdiction, which is not unlimited in this context. Accordingly, the only order properly before this Court for review in the instant motion is the circuit court's order filed on October 28, 2025. Indeed, the Defendants already availed themselves of review of the general sessions court orders in the circuit court. § 40-11-114(b).

This Court is now tasked with determining whether the circuit court abused its discretion in filing the order to which the parties stipulated. As noted above, the Defendants filed a motion in the circuit court explicitly asking that court to modify *only* those conditions of the general sessions court orders regarding "the 'no contact' prohibition with their five minor [biological] children." Although the State initially asked the circuit court to deny the motion outright, that court ultimately filed an order, specifically agreed upon by the parties, amending those conditions. Thus, the Defendants obtained the relief they sought in their motion. Now, almost four months later, they appear to be asking this Court to review the original general sessions court orders which imposed "no contact" restrictions with any of the State's potential witnesses, including *all* twenty-seven of their children. As discussed above, this Court does have the authority to do so, however. The Defendants must first move the circuit court for further review of the general sessions court orders. § 40-11-114(b).

According to the Defendants, the juvenile court apparently has yet to make a "best interest" determination in response to the circuit court's order. However, this Court has no authority over the juvenile court. This Court's sole responsibility in this Rule 8 appeal is to determine whether the circuit court abused its discretion by filing an order to which the

Defendants specifically agreed.  Based upon this Court's review, it cannot conclude the circuit court did so.

## Conclusion

For these reasons, the Defendants' Rule 8 motion is hereby denied.  Costs are taxed to the Defendants.

Ayers, J., Wedemeyer, P.J., Holloway, J.